USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/10/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x

JOSE SANTIAGO-ORTIZ,

Movant,

-against-

21-cv-9209 (LAK)
[17-cr-0149 (LAK)]

UNITED STATES OF AMERICA,

Defendant(s).

---------------------------------------- x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge*.

Movant was convicted on May 16, 2018 of murder in aid of racketeering (Count 1), murder during commission of a narcotics conspiracy (Count 2), conspiring to distribute, and possess with intent to distribute, heroin (Count 3), murder through the use of a firearm during a narcotics conspiracy (Count 4), and carrying and possessing a firearm in furtherance of a drug trafficking crime (Count 5). He was sentenced principally to life imprisonment on Counts 1 through 3 and a separate term of life imprisonment on each of Counts 4 and 5, the former consecutive to the term on Counts 1 through 3 and the latter consecutive to the terms on Counts 1 through 4. His Rule 29 motion for a judgment of acquittal was denied by written opinion.[1] The judgment was affirmed by the Second Circuit and certiorari was denied.[2] Defendant, in a motion deemed by the mailbox rule to have been

1. *United States v. Santiago-Ortiz*, No. 17-cr-0149 (LAK), 2018 WL 4054859 (S.D.N.Y. Aug. 18, 2018).

2. *United States v. Santiago-Ortiz*, 797 Fed. App'x 34 (2d Cir. 2019), *cert. denied*, 141 S.Ct. 662 (2020).

filed on or about October 28, 2021,[3] challenges his conviction and sentence pursuant to 28 U.S.C. § 2255. The motion is before the Court for preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Motions.

*Defendant's Failure to Offer Support for the Motion*

At the outset, a word is appropriate regarding the motion. It sets forth nine numbered grounds for relief, each consisting of a one sentence assertion that trial and, in one instance, appellate counsel provided ineffective assistance in different respects. The motion is not supported by any affidavits, declarations, other evidentiary materials, or even unsworn statements, legal arguments, or citations to legal authority – apart from the nine conclusory sentences. It confines itself to stating "[p]lease see forthcoming memorandum of law." Thus, the motion fails to comply with Rule 2(b)(2) of the Rules Governing Section 2255 proceedings, which requires among other things that such motion "state the facts supporting each ground." It perhaps may be rejected on that ground alone.

Nevertheless, a fter the motion was filed, movant repeatedly sought, and in every case was granted, an extension of time within which to file the promised "forthcoming memorandum of law." These extensions were sought chiefly on the ground that defendant was limited in his ability to prepare the memorandum by measures employed by the Bureau of Prisons ("BOP") to curtail the spread of COVID-19 in the prison where defendant is incarcerated. The last of these extensions was granted on July 12, 2022 and extended the time within which to file the promised memorandum until August 5, 2022.

In early July, defendant wrote to the Court again, apparently before he received the

3 The motion appears to have a deemed filing date under the mailbox rule of October 28, 2021, and therefore is timely.

order that extended his time until August 5.[4] The letter sought to make the point that his last motion for an extension, the one granted on July 12, 2022, had been sought in good faith. The letter was accompanied by a memorandum from a BOP official that confirmed that the institution had restricted access to the library during COVID, that this had given inmates problems in meeting deadlines, but that the institution had begun to run on "a normal movement schedule" as of June 30, 2022. As things developed, although defendant's own submission indicated that things had returned to normal as of June 30, 2022, August 5 came and went without the filing of the promised memorandum and without any further request for an extension. He now has had over nine months since the filing of his 2255 motion within which to provide the promised memorandum of law. While the Court is sympathetic to the problems inmates have had during the COVID restrictions,[5] it sees no reason, in light of the BOP's latest advice, why the defendant could not have complied with the August 5, 2022 deadline, which was more than a month after normal operations resumed. Accordingly, it proceeds to evaluate the motion on the basis of the papers before it.

*The Ineffectiveness of Counsel Standard*

To prevail on a Section 2255 motion on the ground of ineffective assistance of counsel, the movant must demonstrate both "that counsel's performance was deficient . . . [and] that the

---

4 Dkt. 136.

5 It is at least arguable that the entire § 2255 motion must be filed before the expiration of the AEDPA limitations period. Assuming that is so, the Court lacked authority to extend movant's time to file the promised memorandum of law. In view of the Court's awareness of the problems caused by COVID-19 for incarcerated persons, it assumes *arguendo* that the submission of a memorandum of law in support of the 2255 motion within the time permitted by the Court would not have been precluded by the long ago expiration of the AEDPA time limit for the filing of such motions.

deficient performance prejudiced the defense."[6] The attorney must be shown to have committed errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[7] In assessing an attorney's conduct, the reviewing court must engage in a "highly deferential" review of that conduct and must indulge "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[8] Rather than "grade counsel's performance," it limits itself to determining "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process."[9] The second *Strickland* prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10]

*The Substantive Arguments*

1. Ground I claims that trial counsel were ineffective for failure to seek dismissal of Counts 3 and 5 on the basis of double jeopardy. But the motion does not assert, except by the implication inherent in the statement of the ground, that he ever was placed in jeopardy on either of those charges. Accordingly, Ground I is without merit because it fails both prongs of the *Strickland*

---

6 *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord, e.g., Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *United States v. Melhuish*, 6 F.4th 380, 393 (2d Cir. 2021); *United States v. Rosemond*, 958 F.3d 111, 121 (2d Cir. 2020), *cert. denied*, 141 S.Ct. 1057 (2021); *United States v. Coffin*, 76 F.3d 494, 497-98 (2d Cir.), *cert. denied*, 517 U.S. 1147 (1996).

7 *Strickland*, 466 U.S. at 687.

8 *Id.* at 689.

9 *Id.* at 696; *see also United States v. Aguirre*, 912 F.2d 555, 561 (2d Cir.1990).

10 *Strickland*, 466 U.S. at 694.

test.

2. Ground II asserts that trial counsel were ineffective for failing to seek dismissal of Counts 4 and 5 on the ground that they failed to state an offense against the United States. No basis for this argument is asserted. In any case, it too is without merit because it fails both prongs of the *Strickland* test.

3. Ground III asserts that trial counsel were ineffective for failing to object to "the prosecutor's pervasive misconduct." No detail is provided. In any case, the undersigned presided at the trial of this case; there was no prosecutorial misconduct. Ground III also is without merit because it fails both prongs of the *Strickland* test.

4. Ground IV asserts that trial counsel were ineffective for failing adequately to investigate and prepare for trial. Movant, however, does not explain what he claims they failed to do or why he thinks that any such failure made a difference in the outcome. Accordingly, Ground IV too is without merit because it fails both prongs of the *Strickland* test.

5. Ground V asserts that trial counsel were ineffective for failing to call "certain potential witnesses as instructed by Movant to do." But movant does not enlighten us as to who those potential witnesses were, whether their whereabouts were known, and what they might have said if called. Nor does he explain why their testimony would been likely to result in a different outcome. Accordingly, Ground V too is without merit because it fails both prongs of the *Strickland* test.

6. Ground VI asserts that trial counsel were ineffective for "essentially conced[ing] at trial Movant's guilt of murder in the shooting death of Jerry Tide over Movant's express instructions for counsel to not concede guilt." The problem, of course, is that counsel did not concede defendant's guilt of any of the crimes charged. Rather, they conceded that defendant killed Jerry Tide, the evidence of which was overwhelming, but disputed that he did so in aid of racketeering,

while engaged in a narcotics conspiracy, or through the use of a firearm during and in relation to a narcotics conspiracy. As explained in the Court's opinion denying defendant's post-conviction motion for a judgment of acquittal (Dkt. 98), it was the motive or motives for the killing that was at issue in this trial, not the fact of the homicide or the identity of the perpetrator. That decision, even if it was made against the defendant's wishes, would have come within the realm of sound trial strategy. In light of *United States v. Rosemond,* 958 F.3d 111 (2d Cir. 2020), *cert. denied,* 141 S.Ct. 1157 (2021), defendant was deprived neither of his right to the effective assistance of counsel nor of his right to autonomy. And given the overwhelming evidence that defendant killed Jerry Tide, there is no reason to suppose that the outcome of the trial would have been any different but for counsel's allegedly effective concession. There is no merit to Ground VI.

7. Ground VII asserts that trial counsel were ineffective when they "failed to conduct plea negotiations." This assertion is belied by the record. At a final conference held a few days before the commencement of the trial, defendant admitted on the record that the government had extended a plea offer to him, that he had discussed it at length with his attorneys, that he was confident that he understood the offer, and that he had rejected it.[11] Even if one were to assume that (1) the defense did not make a counteroffer to the government's proposal, (2) the failure to do so was attributable to defense counsel as opposed to the defendant, and (3) and that such a failure fell beneath the constitutional standard of effective assistance – and there is nothing to support any of those premises – there would have been no showing of prejudice. There is no basis for supposing that the government would have accepted any counteroffer by the defendant that would have been any more favorable to him than the government's original offer that defendant rejected. Thus, Ground VII fails

11 Tr., Apr. 30, 2020 (Dkt, 65), 22:15-28:1.

both prongs of the *Strickland* test.

8. Ground VIII asserts that trial counsel were ineffective by failing to object to the jury charge. But defendant does not claim that the charge was erroneous in any respect, let alone a respect so glaring that a failure to object would have been so prejudicial as to fall below the generous standard by which constitutional adequacy of counsel is judged. Nor has he pointed to any basis for supposing that the outcome of the trial would have been different had an objection to the charge been made. Ground VIII is baseless.

9. Ground IX asserts that appellate counsel were ineffective by failing to assert the claims embraced by Grounds I through VIII on appeal. This contention of course is baseless in light of the lack of merit in the predicate grounds.

Accordingly, on preliminary consideration, the Court determines from the motion and the record of prior proceedings that the moving party is not entitled to relief. The motion pursuant to Section 2255 (Dkt. 126) is dismissed. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: August 10, 2022

Lewis A. Kaplan
United States District Judge