UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOSE SANTIAGO-ORTIZ,

               Movant,

       -against-

UNITED STATES OF AMERICA,

               Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

21-cv-9209 (LAK)
[17-cr-0149 (LAK)]

**USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5-31-2023**

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Movant was convicted in 2018 on each of five counts with which he was charged in connection with a murder in the course of a narcotics conspiracy. In a motion that was deemed by the mailbox rule to have been filed timely, movant challenged his conviction and sentence pursuant to 28 U.S.C. § 2255. The 2255 motion set forth nine grounds for relief and a one-sentence assertion for each that his trial and, in one instance, appellate counsel were ineffective. The motion was not supported by a brief or any evidentiary materials, but referenced a "forthcoming memorandum of law." After the motion was filed, Movant made six successive requests for an extension of time to file a memorandum of law chiefly on the ground that COVID-19 restrictions at the prison limited movant's ability to prepare the memorandum, each of which was granted. The last of these extensions set a deadline of August 5, 2022 for movant to file a memorandum of law. On August 10, 2022, still having received no memorandum, the Court dismissed the 2255 motion based on a preliminary review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

On August 16, 2022, six days after the Court dismissed the 2255 motion, the Court received a memorandum from movant in support of his 2255 motion that is dated August 4, 2022 and postmarked August 11, 2022. The Court ordered the government to respond to movant's memorandum both with respect to timeliness and with respect to the merits. It did, and movant submitted a reply. In addition to responding substantively to the government's opposition, movant requests an opportunity to file a new memorandum supplanting his August 4, 2022 memorandum. The matter now is ripe for decision.

*Timeliness of the memorandum*

Under the mailbox rule, movant's memorandum is deemed to have been filed on the date movant provided it to prison officials for mailing. The Second Circuit "ha[s] never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."[1]  The date of signing of movant's memorandum is August 4, 2022, one day before the deadline to file the memorandum.

The government argues that the earliest filing date of the memorandum would be one or two days before August 11, 2022, after the August 5, 2022 deadline set by the Court. It offers an excerpt of the prison's outgoing mail log to show that the prison delivered the memorandum to the post office on August 11, 2022, which matches the postmark date on the memorandum. Prison officials informed the government that the prison delivers mail to the post office daily and mail

---

[1] *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006).

received after the daily trip to the post office is delivered the following business day.

Movant is correct that the mail log and purported prison mail policy – unaccompanied by any affidavit by prison staff as to the date prison staff received movant's memorandum or any other evidence – does not suffice to rebut the presumption that prison officials received movant's memorandum on August 4, 2022, the date it was signed, which would make it timely.[2] I accordingly will consider movant's memorandum and subsequent briefing by the parties as timely submissions in relation to movant's original 2255 motion that was filed timely.[3]

*Movant's request to file a new memorandum*

Of the nine grounds for relief set forth in movant's 2255 motion, movant's August 4, 2022 memorandum addresses only one or two grounds in any degree of coherence. Movant does not dispute this characterization. Indeed, he explains in his reply that:

> "[T]he person who is drafting this Reply [(an inmate legal assistant)] is the

---

[2]   *See United States v. Blow*, No. 2:09-cr-26-1, 2013 WL 2634420, at *8 (D. Vt. June 11, 2013) ("The largely illegible handwritten note that the government introduces to prove the date on which [movant] filed his [m]otion, unaccompanied by an affidavit from a mailroom official, does not constitute 'contrary evidence.' Given the lenient standards applicable to the filings of *pro se* litigants . . . I cannot conclude on such ambiguous evidence that [movant's] submission was untimely.") (footnote and citation omitted).

[3]   Movant states in his reply, which was filed just under two months after the government filed its opposition, that he "acknowledges that the present pleading is grossly untimely." Dkt 142 at 1. Pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings, "[t]he moving party may file a reply to the respondent's answer or other pleading. The judge must set the time to file unless the time is already set by local rule." Given that the Court did not set a deadline for movant to file a reply and in the absence of a deadline set by local rule, the Court considers movant's reply to be submitted timely for purposes of this decision.

Unless otherwise indicated, Dkt references are to the docket in 17-cr-0149 (LAK).

4

person who initially identified the Section 2255 grounds and drafted the § 2255 form. Unfortunately, due to restrictions that were implemented at USP Canaan as a result of the Covid-19 pandemic, the person was unable to draft a memorandum of law and attach it to the § 2255 form. Therefore, Movant asked for and received numerous extensions of time to file the memorandum of law.  Unfortunately (again), the person helping Movant was transferred from USP Canaan in February, 2022, months before USP Canaan resumed normal operations.

"From February to July, 2022, Movant requested additional extensions; however, fearing that he would evoke the Court's ire by continuing to request extensions – especially since the Covid restrictions were abating – Movant enlisted the services of another jailhouse litigator who had been released from USP Canaan two years earlier and now purportedly operated a legal research firm in Puerto Rico. Movant does not need tell the Court how utterly attrocious [sic] the section 2255 memorandum ended up being.  It is as if the brief had been written by a small child, with a learning disability, with almost no discernable grasp of the English language. It was simply awful."[4]

Movant goes on to request to file a new memorandum of law in support of his 2255 motion:

"At all events, Movant understands and appreciates how accommodating this Honorable Court has been in terms of granting Movant an extraordinary amount of time to file his supporting memorandum. It is, therefore, with great compunction that

---

[4] Dkt 142 at 1-3.

Movant asks the Court for one final boon. On bended knee he humbly asks for the opportunity to file a new memorandum of law in support of his section 2255 motion. Movant understands that this is an extraordinary request and will pose an inconvenience on both the Court and the Government. But Movant is serving life in prison and has but one bite at the habeas apple. Moreover, the the [sic] person who was initially helping Movant is finally settled at his designated facility and would now have the ability to finish what he started. Movant represents that, should the Court grant this legal mulligan, the process will be streamlined and the brief will be concise and, more importantly, coherent."[5]

Interpreting movant's *pro se* submission liberally, the Court construes movant's request "to file a new memorandum of law in support of his section 2255 motion" as a motion for leave to amend or supplement his original 2255 motion.[6] Rule 2(b) of the Rules Governing Section 2255 Proceedings requires that a 2255 motion "specify all the grounds for relief available to the

---

[5]

      *Id.* at 3-4.

[6]

      *E.g.*, *Savoca v. United States*, No. 07-cv-2524 (LMS), 2013 WL 10054393, at *3 (S.D.N.Y. Mar. 18, 2013); *Jones v. United States*, No. 92-cr-925 (LBS), 2000 WL 987271, at *4 (S.D.N.Y. July 17, 2000).

      Movant's motion for leave to amend his 2255 motion is timely in these circumstances. The new memorandum he seeks to submit is limited to the grounds raised in his form 2255 motion and that otherwise are not dismissed by this order, and therefore will "relate back" to movant's original 2255 motion. *United States v. Smith*, No. 14-cr-813 (KPF), 2022 WL 1063170, at *7 (S.D.N.Y. Apr. 8, 2022), *reconsideration denied*, No. 14-cr-813 (KPF), 2022 WL 16962261 (S.D.N.Y. Nov. 16, 2022). In addition, given that this order modifies the Court's previous dismissal of movant's 2255 motion, the Court's previous dismissal does not foreclose at this stage movant's motion to amend. *Cf. Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002) ("[I]n general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion.").

moving party" and "state the facts supporting each ground."  "A § 2255 motion must permit the Court and the respondent to comprehend both the movant's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the motion can be adjudicated."[7]  As movant concedes, his August 4, 2022 memorandum fails to do so. The critical question now before me is whether I should grant movant a last chance to finally get it right. For the following reasons, the answer is yes with respect to certain grounds for relief in movant's 2255 motion and no with respect to other grounds.

Courts in this circuit consider a motion for leave to amend a 2255 motion pursuant to the standards set forth in Federal Rule of Civil Procedure 15.[8]  Rule 15(a) provides that "[t]he court should freely give leave when justice so requires."[9]  "Nonetheless, 'it is within the sound discretion of the district court to grant or deny leave to amend'" and "'a district court may properly deny leave [to amend a habeas petition brought under section 2255] when amendment would be futile.'"[10]  For several of the nine grounds set forth in movant's 2255 motion, a new memorandum of law – even one with movant's promised brevity and coherence – would prove futile because those

---

7

    *Rodriguez v. United States*, No. 20-cr-0077 (SHS), 2022 WL 3225619, at *2 (S.D.N.Y. Aug. 10, 2022).

8

    *E.g., Sessoms v. United States*, No. 14-cv-06658 (FB), 2017 WL 4157191, at *1 (E.D.N.Y. Sept. 18, 2017); *United States v. Ramirez*, No. 13-cr-135 (RJS), 2022 WL 2703596, at *16 (S.D.N.Y. July 11, 2022).

9

    Fed. R. Civ. P. 15(a)(2).

10

    *Ramirez*, 2022 WL 2703596, at *16 (citations omitted); *Jones v. New York State Div. of Mil. & Naval Affs.*, 166 F.3d 45, 50 (2d Cir. 1999) ("[A] district court may properly deny leave when amendment would be futile.").

claims on their face lack merit. Those grounds are explained and dismissed in the following sections.

For the remaining grounds, the Court will permit movant one final opportunity to file an amended memorandum of law that will address *only those grounds*. Movant has been granted several opportunities in the past to submit a memorandum to his satisfaction, each justified in the Court's view by the restrictions imposed on inmates during the pandemic. His reply, however, sheds light on certain circumstances that apparently prevented movant from doing so in time. Given the fact that "a federal prisoner generally has only one opportunity for a full adjudication of his grounds for relief under § 2255,"[11] the interests of justice favor granting movant this limited legal mulligan.

*Ground I*

In Ground I, movant asserts that trial counsel provided ineffective assistance by failing to move for dismissal of Counts Three and Five of the indictment based on double jeopardy grounds. Count Three charged movant with conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(1), 841(b)(1)(A), and 846. Count Five charged movant with possession of firearms in furtherance of the narcotics conspiracy in Count Three, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Movant contends in his reply that "Count Three . . . is a lesser-included offense of Count Five" and it also is "a lesser-included offense of Count Two," which charged movant with murder while engaged in the narcotics conspiracy.[12]

Ordinarily, arguments raised for the first time in reply briefs are waived, even when

---

[11]     *Rodriguez*, 2022 WL 3225619, at *2.

[12]     Dkt 142 at 6.

8

made by a *pro se* litigant.[13]  Consistent with the decision to construe movant's reply as a motion for

leave to amend, however, the Court will consider movant's arguments raised for the first time on

appeal as arguments to amend his motion.[14]

Movant's motion for leave to amend his 2255 motion to argue that Count Three is

a lesser-included offense of Count Five is denied as futile.  Count Three is the predicate offense to

which Count Five, the firearm enhancement, attached.  As articulated by the Sixth Circuit, "Congress

made itself unequivocally clear that punishment for violation of that statute [(18 U.S.C. § 924(c)(1))]

was to be imposed in addition to punishment for committing the predicate offense."[15]  Leave to

amend to argue that Count Three is a lesser included offense of Count Two also is denied as futile.

Although the Second Circuit has said that "[u]nder the Supreme Court's precedents, it is not clear

whether [the charge under § 848(e)(1)(A) of murder in the course of the narcotics conspiracy and

the charge of narcotics conspiracy under § 846] . . . should be viewed as a greater and a

lesser-included offense, or as two separate offenses,"[16] there is no risk of double jeopardy where, as

---

13

      *E.g., Farmer v. United States*, No. 12-CR-758, 2017 WL 3448014, at *3 (S.D.N.Y. Aug. 10,
2017).

14

      *Mingo v. Ercole*, No. 08-CV-4818 KAM, 2010 WL 4941483, at *4 (E.D.N.Y. Nov. 30,
2010) ("[B]ecause new claims may not be raised for the first time on reply, the court
construes petitioner's new claim first raised in his reply as a motion to amend the petition.").

15

      *United States v. Davis*, 306 F.3d 398, 418 (6th Cir. 2002); *see also United States v.
Mohammed*, 27 F.3d 815, 819 (2d Cir. 1994).

16

      *United States v. Jackson*, 658 F.3d 145, 151 (2d Cir. 2011).

here, movant was tried on the two counts simultaneously.[17]   Ground I therefore is dismissed and

movant is denied leave to amend his 2255 motion with respect to this ground.


*Ground II*

In Ground II, movant asserts that trial counsel were ineffective for failing to seek

dismissal of Counts Four and Five on the ground that they failed to state an offense against the

United States. The inmate legal assistant who drafted movant's reply stated that he "does not

currently have his research notes from his initial research of the case" and "is in the process of

obtaining them from Movant," but "his vague recollection is that the claim was related to the statute

of limitations on the underlying conspiracy."[18]   "Movant prays that the Court will permit him to file

a new memorandum of law for which this writer will have the benefit of his research notes."[19]

Movant's motion for leave to amend his 2255 motion to explain the factual and legal premises for

his argument as to Ground II is granted.

---

[17]

*Id.*; *see also United States v. Alfisi*, 308 F.3d 144, 152 n.6 (2d Cir. 2002) (quoting *Ohio v. Johnson*, 467 U.S. 493, 501 (1984)) ("Under the current law of double jeopardy, where one charge is a lesser included offense of the other, 'the Double Jeopardy Clause prohibits prosecution of a defendant for a greater offense when he has already been tried and acquitted or convicted on the lesser included offense.'").

Furthermore, movant's sentence on Count Three is concurrent with the sentences on Count Two.  Sentencing Tr. at 17:7-8. *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) ("Where there has been no prior conviction or acquittal, the Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed.").

[18]

Dkt 142 at 6.

[19]

*Id.*

*Ground III*

In Ground III, movant asserts that trial counsel were ineffective for failing to object to "the prosecutor's pervasive misconduct." The Court stated previously that although movant provided no detail, "[i]n any case, the undersigned presided at the trial of this case; there was no prosecutorial misconduct."[20] Movant's motion for leave to amend to address this ground is denied as futile.

*Grounds IV and V*

In Ground IV, movant asserts that trial counsel were ineffective for "fail[ing] to adequately investigate and prepare for trial." "Movant, however, does not explain what he claims they failed to do or why he thinks that any such failure made a difference in the outcome."[21] In Ground V, movant asserts that trial counsel "failed to call certain potential defense witnesses as instructed by [m]ovant to do." "But movant does not enlighten us as to who those potential witnesses were, whether their whereabouts were known, and what they might have said if called."[22]

Movant acknowledges that his August 4, 2022 memorandum "hardly referenced" certain claims "[b]ut at this point, all Movant can do is pray that the Court will allow him to file a fresh new memorandum."[20] Movant's motion for leave to amend to address these two grounds is

---

[20]     Dkt 138 at 5.

[21]     *Id.*

[22]     *Id.*

[20]     Dkt 142 at 9.

granted as a final chance for him to provide the missing details, if he so wishes.

*Ground VI*

In Ground VI, movant contends that trial counsel were ineffective for "essentially conced[ing] at trial Movant's guilt of murder in the shooting death of Jerry Tide over Movant's express instructions for counsel to not concede guilt." The government argues that movant's trial counsel "did not in fact concede, contrary to the claim in the defendant's motion, that the Government had carried its burden of establishing that the defendant was the killer."[21]  The Court previously stated that trial counsel "conceded that [movant] killed Jerry Tide, the evidence of which was overwhelming, but disputed that he did so in aid of racketeering, while engaged in a narcotics conspiracy, or through the use of a firearm during and in relation to a narcotics conspiracy."[22] Regardless of whether movant's trial counsel in fact conceded that movant killed Jerry Tide, movant's ineffective assistance of counsel claim as to Ground VI fails because "there is no reason to suppose that the outcome of the trial would have been any different but for counsel's allegedly effective concession" "given the overwhelming evidence that [movant] killed Jerry Tide."[23]

In his reply, movant argues for the first time that trial counsel's alleged concession that movant killed Jerry Tide violated movant's Sixth Amendment right to autonomy pursuant to the

---

[21]      Dkt 141 at 15.

[22]      Dkt 138 at 5-6.

[23]      *Id.* at 6.

Supreme Court's ruling in *McCoy v. Louisiana*.[24] Unlike an ineffective assistance of counsel claim, "[t]he Court in *McCoy* . . . held that a violation of a defendant's Sixth Amendment right to autonomy is structural error not subject to harmless error review; that is, once the error is established, the defendant is not required to show prejudice to be entitled to a new trial."[25] Movant contends that "[u]nder *McCoy*, if a defendant specifically instructs counsel to not concede any element or elements of the charged offense, counsel may not lawfully overrule the defendant."[26] The Second Circuit, however, has "read *McCoy* as limited to a defendant preventing his attorney from admitting he is guilty of the crime with which he is charged."[27] As this Court previously noted, trial counsel "did not concede defendant's guilt of any of the crimes charged."[24] Moreover, as at least one court in this circuit and as other courts have determined, "*McCoy* is not retroactively applicable" on collateral review, making movant's argument at this stage untimely.[25] Accordingly, movant's motion for leave

---

[24]

138 S.Ct. 1500 (2018).

[25]

*United States v. Rosemond*, 958 F.3d 111, 121 (2d Cir. 2020).

[26]

Dkt 142 at 8.

[27]

*Rosemond*, 958 F.3d at 123.

[24]

Dkt 138 at 5.

[25]

*United States v. Krasniqi*, No. 10-cr-464(GHW)(GWG), 2022 WL 1739142, at *8 (S.D.N.Y. May 31, 2022), *report and recommendation adopted*, No. 1:10-CR-464-GHW, 2022 WL 2663826 (S.D.N.Y. July 8, 2022), *appeal dismissed*, No. 22-1958, 2023 WL 2360936 (2d Cir. Feb. 28, 2023); *Christian v. Thomas*, 982 F.3d 1215, 1225 (9th Cir. 2020) ("We therefore conclude that the Supreme Court has not made *McCoy v. Louisiana* retroactive to cases on collateral review."); *Smith v. Stein*, 982 F.3d 229, 235 (4th Cir. 2020) ("For the foregoing reasons, we hold that the rule announced in *McCoy* . . . is not retroactively applicable on collateral review.").

to amend is denied with respect to Ground VI on the ground that it would be futile.

*Ground VII*

In Ground VII, movant asserts that trial counsel were ineffective because they "failed to conduct plea negotiations." As the Court stated previously, "[a]t a final conference held a few days before the commencement of the trial, [movant] admitted on the record that the government had extended a plea offer to him, that he had discussed it at length with his attorneys, that he was confident that he understood the offer, and that he had rejected it."[26] For the reasons offered by the government, "[t]o the extent that [movant's August 4, 2022 memorandum], very liberally construed, raises the claim that counsel failed to advise [movant] regarding the Presentence Investigation Report ("PSR") and Sentencing Guidelines . . . , any such claim is belied by the record."[27] Furthermore, to the extent that movant suggests in his August 4, 2022 memorandum that trial counsel should have made a counteroffer proposing movant plead guilty with respect to certain charges only,[28] "[t]here is no basis for supposing that the government would have accepted any counteroffer by the defendant that would have been any more favorable to him than the government's original offer that defendant rejected."[29] Movant's motion for leave to amend with respect to this ground therefore is denied as futile, and the ground is dismissed in its entirety.

---

[26] Dkt 138 at 6.

[27] Dkt 141 at 16 n.6.

[28] Dkt 139 (Aug. 4, 2022 memorandum) at 4-5.

[29] Dkt 138 at 6.

*Ground VIII*

Ground VIII asserts that trial counsel were ineffective by failing to object to the jury charge. Movant has not identified how, if at all, counsel's failure to object to the charge fell below the constitutional standard of effective assistance, nor has he explained how any such failure made a difference in the outcome. Consistent with the decision on Grounds IV and V, movant's motion for leave to amend is granted as a final chance for him to provide factual and legal support for this ground, if he so wishes.

*Ground IX*

Finally, movant asserts in Ground IX that appellate counsel were ineffective by failing to argue Grounds I through VIII on appeal. Movant's motion for leave to amend to address this ground is granted only to the extent that motion for leave to amend is granted on the predicate grounds.  This ground is dismissed and leave to amend is denied as futile with respect to the predicate grounds that otherwise are dismissed.

*Conclusion*

Movant's 2255 motion (Dkt 126) is denied with respect to Grounds I, III, VI, VII, and in part Ground IX as explained above. A certificate of appealability is denied with respect to these grounds consistent with this order, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

Movant's motion for leave to amend is granted only with respect to Grounds II, IV, V, VIII, and in part Ground IX as explained above. Any such amended memorandum of law shall

be filed and served by movant no later than June 30, 2023. No extension of this deadline shall be granted absent a showing of extraordinary circumstances. The government shall file and serve its response by July 31, 2023. Any reply shall be filed and served by August 15, 2023. Given that movant apparently enlisted the assistance of an inmate legal assistant in submitting his reply and original 2255 motion, movant is reminded that although he may obtain assistance from other inmates, "a non-attorney cannot represent someone else pro se."[30]

SO ORDERED.

Dated:        May 31, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[30]    *New York ex rel. Fox v. Fed. Bureau of Prisons*, No. 08-CV-4816 (SLT), 2008 WL 5191843, at *1 (E.D.N.Y. Dec. 5, 2008).