UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSE SANTIAGO-ORTIZ,

                         Movant,

               -against-                                  21-cv-9209 (LAK)
                                                          [17-cr-0149 (LAK)]

UNITED STATES OF AMERICA,

                        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-27-2023

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge*.

        Movant, Jose Santiago-Ortiz, was convicted on each of five counts with which he was charged in connection with a murder in the course of a narcotics conspiracy. On May 31, 2023, this Court granted in part and denied in part movant's motion for leave to amend his 2255 motion. It denied movant's motion for leave to amend with respect to Grounds I, III, VI, VII, and in part Ground IX in his 2255 motion because it determined that any amendment with respect to those grounds "would prove futile because those claims on their face lack merit."[1] It granted movant's motion for leave to amend, however, with respect to Grounds II, IV, V, VIII, and in part Ground IX in his 2255 motion. Movant timely filed an amended memorandum of law in support of his 2255 motion on those grounds. The government timely filed an opposition, to which movant has not filed

---

[1] Dkt 143 at 6-7.

Unless otherwise indicated, all Dkt citations are to Doc. No. 17-cr-149.

2

any reply.² The matter now is ripe for decision. For the reasons stated below, movant's amended 2255 motion is denied.

*Ground II*

Movant argues in Ground II of his amended motion that his trial counsel was constitutionally ineffective by failing to move to dismiss Count Four, murder through the use of a firearm during and in relation to the narcotics conspiracy charged in Count Three, in violation of 18 U.S.C. § 924(j), and Count Five, possession of firearms in furtherance of the narcotics conspiracy charged in Count Three, in violation of 18 U.S.C. § 924(c)(1)(A)(i). He contends that "the five-year statute of limitations set by 18 U.S.C. § 3182(a) had ran [*sic*] with respect to the underlying narcotics conspiracy that had been charged in Count Three and upon which the § 924(c) and § 924(j) offenses had been predicated."³

Movant is mistaken with respect to Count Four. As the government notes, "the Section 924(j) murder charge . . . is not subject to a statute of limitations" because a violation of Section 924(j)(1), with which movant was charged, is punishable by death.⁴

---

2   Movant's reply, if any, was due by August 15, 2023. Dkt 143 at 15.

3   Dkt 144 (Def. Amend. Mem.) at 7-8.

4   Dkt 146 (Govt. Opp. Mem.) at 1. *See also* Dkt 12 (Superseding Indictment) at 6 ("On or about September 11, 2010 . . . the defendant . . . during and in relation to . . . the narcotics conspiracy charged in Count Three . . . , willfully and knowingly did use and carry a firearm, . . . and in the course of that crime did cause the death of a person through the use of a firearm, which killing is murder as defined in [18 U.S.C. §] 1111(a)."); 18 U.S.C. § 924(j)(1) ("A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall – (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life[.]").

With respect to Count Five, there is no merit to movant's timeliness challenge. "When a defendant is convicted of violating [18 U.S.C.] § 924(c)(1)(A) for using or carrying a firearm during and in relation to a crime that is a continuing offense [(such as a narcotics conspiracy)], the § 924(c)(1) crime itself is a continuing offense."[5] The government introduced sufficient evidence at trial to show that the underlying narcotics conspiracy continued until 2015. The indictment was returned in 2017, within the five-year limitations period. Moreover, "the 924(c) count relied on numerous firearms possessed throughout the charged time period" and, in any event, "one of the firearms underlying the 924(c) count . . . was recovered well within the five-year limitations period."[6] There accordingly is no merit to movant's argument that his trial counsel was constitutionally ineffective by failing to move to dismiss Counts Four or Five.[7]

*Grounds IV and V*

In Grounds IV and V of his amended motion, movant argues that his trial counsel was constitutionally ineffective because his trial counsel allegedly failed to interview and call certain potential witnesses. Specifically, movant states that he informed his trial counsel that one of his co-conspirators, Ramon Cruz, told an inmate who was in pretrial detention with movant that he "denied having driven movant anywhere for the purpose of picking up any firearms" and that "nothing he had said in th[e] phone call [(between Mr. Cruz and a cooperating witness, Neil Lizardi)] had been

---

[5] *United States v. Payne*, 591 F.3d 46, 69 (2d Cir. 2010).

[6] Dkt 146 (Govt. Opp. Mem.) at 4.

[7] For the reasons stated above, nor is there any merit to movant's timeliness challenge with respect to Count Three, the underlying narcotics conspiracy.

4

true."[8] Movant contends that his trial counsel "failed to interview either [Mr. Cruz or the inmate]."[9] He argues also that his trial counsel failed to interview and call another potential witness, Yanita Rodriguez, who movant states "had been present in the area on the night of the homicide and could refute the idea that movant and his brother had left the scene and returned with firearms."[10] He contends that this "evidence showing that the defendants had not left the scene in order to obtain weapons would have evi[s]cerated any notions of premeditation."[11]

To prevail on an ineffective assistance of counsel claim, movant "must show that 'counsel's representation fell below an objective standard of reasonableness' according to 'prevailing norms'" and that "that he suffered prejudice as a result of his counsel's deficient performance" – *i.e.*, that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[12] Even accepting, for the sake of argument, that movant's trial counsel's alleged failure to interview the potential witnesses objectively was unreasonable, movant has not shown that he was prejudiced as a result of any such error. As the government notes, "[a]mong other things, each of these witnesses could have opened the door to testimony about additional bad acts by the defendant, and would have been readily perceived as interested witnesses

---

[8] Dkt 144 (Def. Amend. Mem.) at 14.

[9] *Id.*

[10] *Id.* at 16-17.

[11] *Id.* at 17 (emphasis omitted).

[12] *Marte v. United States*, 952 F. Supp. 2d 537, 540 (S.D.N.Y. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984)).

5

for the defendant, not unbiased observers."[13] Moreover, considering the evidence at trial as a whole, movant has not shown a reasonable probability that the outcome would have been different.

*Ground VIII*

In Ground VIII of his amended motion, movant argues that his trial counsel was constitutionally ineffective because his trial counsel "failed to object to the jury charge."[14] Movant contends that with respect to Count One, murder in the aid of racketeering, "the jury charge omitted the remuneration element" that was alleged in the indictment.[15] With respect to Count Two, murder while engaged in the narcotics conspiracy, movant argues that "[t]he Court's instruction . . . left out the second 'intentional,' [(before 'to kill'),] which permitted conviction on Count Two upon only a finding of manslaughter."[16] Lastly, with respect to Count Four, murder through the use of a firearm during and in relation to the narcotics conspiracy, movant argues that the Court erred in instructing the jury that "the first-degree murder element could be satisfied if the government proved 'reckless and wanton conduct on the part of the defendant which grossly deviated from a standard of care such that he was aware of the serious risk of death.'"[17]

Each of movant's arguments is unpersuasive. With respect to Count One, a defendant

---

[13] Dkt 146 (Govt. Opp. Mem.) at 6.

[14] Dkt 144 (Def. Amend. Mem.) at 18.

[15] *Id.* at 19.

[16] *Id.* at 21.

[17] *Id.* at 21-22.

violates 18 U.S.C. § 1959(a) if he or she murders "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, *or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity.*"[18] Given that the government did not rely on or argue the pecuniary gain element, there was no reason for the Court to instruct the jury on it. There was no error in the omission of that prong from the jury charge.[19] In any event, movant has not shown that it objectively was unreasonable for his trial counsel to choose not to object to the charge on that ground or that he was prejudiced by his trial counsel's decision.

With respect to Count Two, movant contends that the Court's jury instruction was erroneous because it failed to include the word "intentionally" before "to kill" – *i.e.*, that "the defendant intentionally killed, or counseled, induced, procured or caused someone else *intentionally* to kill, Jerry Tide." Movant contends that the omission of this second "intentionally" "permitted conviction on Count Two upon only a finding of manslaughter."[20] However, "at no point during the trial was there any suggestion that the [g]overnment's theory of liability was that the [movant] 'counseled, induced, procured or caused someone else to kill Jerry Tide'" – the Government argued only that the [movant] himself was the murderer, and that he executed the killing with cold-blooded

---

[18] 18 U.S.C. § 1959(a) (emphasis added).

[19] With respect to movant's argument that the Court erred by including the phrase "or, with respect to a high-ranking member of the enterprise, because he committed or sanctioned the charged murder to protect the enterprise's operations, or to advance the objectives of the enterprise" in its instruction on the motive element, that argument is unpersuasive for the reasons stated by the government. Dkt 146 (Govt. Opp. Mem.) at 7-8.

[20] Dkt 144 (Def. Amend. Mem.) at 21.

intent."[21] Therefore, even accepting, for the sake of argument, that movant's trial counsel erred by failing to object to the jury charge, movant has not shown that he was prejudiced by any such error.

With respect to Count Four, movant relies on *Borden v. United States*[22] in support of his argument that the Court erroneously instructed the jury that malice aforethought could be shown by reckless and wanton conduct on the part of the defendant. In *Borden*, however, the Supreme Court's ruling that recklessness would be insufficient was in relation to determining the meaning of "violent felony" in the Armed Career Criminal Act. It therefore is inapposite to movant's claim. There was no error in the Court's instructions to the jury with respect to Count Four. In any event, movant has not shown that it objectively was unreasonable for his trial counsel to choose not to object to the charge on that ground or that he was prejudiced by his trial counsel's decision.

*Ground IX*

Finally, movant asserts in Ground IX that his appellate counsel was ineffective by failing to argue the above grounds on appeal. His argument fails on the ground that his underlying claims for ineffective assistance of trial counsel are without merit.[23]

---

[21] Dkt 146 (Govt. Opp. Mem.) at 8.

[22] 141 S. Ct. 1817 (2021).

[23] "[W]here the underlying ineffective assistance of trial counsel argument is lacking in merit, appellate counsel cannot be deemed to have acted objectively unreasonably or to have prejudiced the defendant by failing to raise it." *Finley v. Graham*, No. 12-cv-9055(KMK)(PED), 2016 WL 47333, at *13 (S.D.N.Y. Jan. 4, 2016).

Movant was denied leave to amend with respect to his arguments that Count Three is a lesser-included offense of Count Two and Count Five is a lesser-included offense of Count Four. His arguments on those grounds in his amended motion (Dkt 144, Def. Amend. Mem.

8

*Conclusion*

Movant's amended 2255 motion (Dkt 144) is denied. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: September 27, 2023

Lewis A. Kaplan
United States District Judge

---

at 22-24) are denied on that basis. In the alternative, they are denied on the merits for the reasons stated by the Court in its previous decision (Dkt 143 at 7-9).